UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,                                       Hon. Robert J. Jonker

v.                                                          Case No. 1:24-cv-844

DELL TECHNOLOGIES INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 3) and Plaintiff's Motion to Vacate Order to Show Cause and for Leave to Amend Complaint (ECF No. 9).  For the reasons articulated herein, the undersigned recommends that Plaintiff's motions both be denied.

In light of Plaintiff's "repeated filing of repetitive and frivolous actions in this Court,"[1] the Court has imposed on Plaintiff certain filing restrictions.  *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.).  Specifically, Plaintiff is prohibited from proceeding *in forma pauperis* in this Court "unless a judge first certifies that the case survives screening."  (*Id.* at PageID.78).

---

[1] Plaintiff likewise has a history of filing frivolous actions in other courts.  *See, e.g., Sifuentes v. Google Inc.*, 2:22-mc-50916 ECF No. 2 (E.D. Mich.) (noting that Plaintiff, in light of his history of filing frivolous actions, is prohibited from filing any new action in the Eastern District "without first obtaining leave").

-1-

On August 20, 2024, the Honorable Robert J. Jonker issued an Order to Show Cause noting that Plaintiff "fails to properly allege subject matter jurisdiction." (ECF No. 7, at PageID.28). Accordingly, Plaintiff was instructed to show cause "why the Court should not deny *ifp* and dismiss the Complaint for lack of subject matter jurisdiction." (*Id.* at PageID.30). Plaintiff responded to the Court's Order by moving to amend his complaint. (ECF No. 9).

A motion to amend may be denied on futility grounds. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001). To survive screening, the complaint must contain "[f]actual allegations [which are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Based on the undersigned's review of Plaintiff's proposed amended complaint, the Court determines that it would not survive screening. The sole basis of subject matter jurisdiction in Plaintiff's complaint is diversity jurisdiction. But Plaintiff's conclusory

assertions regarding the amount in controversy unconnected to any factual allegations appear to be rote assertions not made in good faith. Beyond that, the complaint is devoid of any factual allegations beyond a bare allegation of a data breach and the existence of harm. *See, e.g., Turman v. Equifax, Inc.*, 2020 WL 1493859 at *3 (N.D. Ohio, Mar. 27, 2020) ("the mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction").

This is not enough to survive principles of *Twombly* and *Iqbal*. To the contrary it is emblematic of that which the Supreme Court determined would not suffice to pass muster under Rule 8. A review of the Complaint reflects that it is an "unadorned, the-defendant-unlawfully-harmed-me accusation" that offers nothing more than "labels and conclusions" with "naked assertions" "devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. In sum, neither Plaintiff's original complaint nor his proposed amended complaint sufficiently allege the amount in controversy which is a prerequisite to this Court exercising jurisdiction in this matter.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that: (1) Plaintiff's Motion to Proceed *In Forma Pauperis*, (ECF No. 2), be denied; (2) Plaintiff's Motion to Vacate Order to Show Cause and for Leave to Amend Complaint be denied; and (3) Plaintiff be required to pay the full filing fee to proceed with this action. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date:  January 6, 2025                       /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge