UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

    Plaintiff,

v.

DELL TECHNOLOGIES, INC,

    Defendant.

_____/

CASE No. 1:24-CV-844

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

### INTRODUCTION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 12) and Plaintiff's Objection to the Report and Recommendation (ECF No. 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.  After its de novo review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This lawsuit is one of several cases Plaintiff filed in this district against various business entities alleging that his personal information had been exposed in data breaches at each company.[1] In the instant matter, Plaintiff sues Dell Technologies Inc.  In his original complaint, Plaintiff alleged that on May 9, 2024, he received a notification from Defendant regarding a data breach involving a "Dell portal."  (Compl. ¶ 6).[2]  The notification stated that limited types of customer information were accessed—including Plaintiff's name, address, and Dell hardware and order information.  (Compl. ¶ 7).  The notification stated that other information—including payment information, telephone number, and other highly sensitive information—was not accessed. (Compl. ¶ 8).  Despite these assurances, Plaintiff says he has suffered significant distress and inconvenience.  (*Id.* at ¶ 9).  Invoking this Court's diversity jurisdiction, Plaintiff raised a single state claim for negligence.  He alleged that as a direct and proximate result of Defendant's negligence, he has suffered damages in the amount of $76,000.

Plaintiff is a frequent filer in this Court and, under the November 30, 2023, Order entered in Case No. 1:23-cv-187, has been designated a restricted filer.  The restriction provides that any Judicial Officer reviewing an application from Plaintiff to proceed *in forma pauperis* under 28

---

[1] In a recent decision, this Court has summarized the three rounds of data breach lawsuits Plaintiff has filed in this district.  See *Sifuentes v. Pluto TV*, No. 1:23-cv-1013 ECF No. 26 (W.D. Mich. Jan. 21, 2025).

[2] A copy of the notification was attached as Exhibit A to his original compliant.  (ECF No. 1-2).

U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. 1915(e)(2). After the Court's review of the Complaint and application to proceed *ifp*, it appeared to the Court that Plaintiff's Complaint would not survive screening. Accordingly, on August 20, 2024, this Court entered an Order for Plaintiff to Show Cause as to why the Court should not deny *ifp* and dismiss the Complaint under that screening mechanism. (ECF No. 7).

Plaintiff responded the next day with a motion to vacate the Order to Show Cause and with a proposed Amended Complaint. (ECF No. 9-1). The proposed amended Complaint adds nothing by way of additional factual allegations. It merely adds six additional causes of action for bailment; invasion of privacy; negligent infliction of emotional distress; breach of fiduciary duty; conversion; and a violation of the Michigan Consumer Protection Act. Plaintiff seeks injunctive relief and $125,000 in actual damages and $250,000 in punitive damages both to compensate for the harm he says he has suffered as a result of the data breach and to deter Defendant from engaging in practices that compromise the security of personal information.

As the Magistrate Judge correctly observed, Plaintiff is subject to a pre-filing screening restriction that requires any judicial officer reviewing an application from Plaintiff to proceed *in forma pauperis* to first determine that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2). Accordingly, the Court conducts an initial review of the Complaint under that provision to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. Here, the Magistrate Judge recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 3) be denied; that the proposed amended complaint be dismissed as futile; and that Plaintiff be required to pay the full filing fee because Plaintiff's

3

Complaint does not pass muster under Section 1915(e)(2).   In his Objections, Plaintiff primarily reiterates the meritless arguments that are now rote across several cases.   The arguments here fail for the same reasons they did in those cases.

### FAILURE TO STATE A CLAIM & SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure, 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).   As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.   Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do

> not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"— "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Even giving the instant Complaint, and the proposed Amended Complaint, the liberal construction it is due given Plaintiff's pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the pleadings fail to satisfy the *Twombly/Iqbal* standard because they contains nothing more than legal conclusions. Indeed, both pleadings present a paradigmatic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff's proposed Amended Complaint alleges that Defendant suffered a data breach and that unauthorized access to his personal information was gained. There is little more than that. To be sure Plaintiff provides an assortment of conclusory assertions that the alleged breach constituted a violation of the various causes of action he invokes. But as a panel of the Sixth Circuit Court of Appeals has recently remarked, such scant allegations and conclusory claims for relief do not satisfy the pleading standards of Rule 8. *See Sifuentes v. Cellco Partnership*, No. 24-1725 (6th Cir. Jan. 24, 2025) (noting that a conclusory allegation that the defendant violated the Truth in Billing Act "by failing to provide clear and accurate billing information regarding the Administrative Charges" did not satisfy the pleading requirements under Federal Rule of Civil Procedure). The same deficiencies are present here. While Plaintiff asserts various legal conclusions about duties of care and how such were breached, the problem is that Plaintiff's complaint entirely fails to allege any facts that support these beliefs. There is not even an attempt to lay out any factual allegations about Defendant's security measures, or how they may have been inadequate. For all these reasons, the pleadings do not survive screening.

As the Magistrate Judge also correctly observed, the Complaint, and the proposed amendment, are defective for a more fundamental reason: they fail to properly allege subject matter jurisdiction. To establish diversity jurisdiction, a plaintiff must adequately plead that the amount in controversy between the parties exceeds $75,000, and . . . there is complete diversity between the parties--meaning the parties are citizens of different states. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing 28 U.S.C. § 1332). The citizenship of a corporation is both its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). In the original Complaint Plaintiff alleged that he was a resident of Michigan, and that Defendant is a "corporation with its principal place of business in . . . Texas" (Compl. ¶¶ 2-3). As the Court observed in its August 20, 2024, Order to Show Cause, neither allegation was sufficient to properly allege complete diversity of citizenship. (ECF No. 7). The proposed Second Amended Complaint is still deficient. Plaintiff now alleges he is a "citizen" of Michigan, and that Defendant is "a citizen of Texas and is incorporated with its principal place of business in . . . Texas[.]" (ECF No. 9-1, PageID.34). The phrasing with respect to the defendant corporation is imprecise at best, as it is not clear if Plaintiff is leaving the state of incorporation undefined, or that he alleges the defendant is both incorporated in Texas and maintains its principal place of business in Texas. As a result, complete diversity of citizenship is called into question, at least on the face of the proposed amended Complaint.

More problematic, however, is Plaintiff's allegation concerning the amount in controversy. The applicable rule in a diversity case is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab*

6

*Co.*, 303 U.S. 283, 288 (1938).   The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Mosley v. Equifax, Inc*., No. CV 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (citing *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)).   In this case, Plaintiff's amendment says he seeks compensatory and punitive damages of $400,000.   But the Court cannot find that the claim is made in good faith.

Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach.   *Jennings v. Ford Motor Co.*, 56 F.3d 64 (6th Cir. 1995) (unpublished disposition) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)).   In this case, Plaintiff has entirely failed to allege any facts that would demonstrate he could meet the jurisdictional threshold, much less the amount he seeks.   Even under the most generous reading, Plaintiff's complaint for damages is purely speculative and devoid of any allegations whatsoever to support his request for compensatory and punitive damages.[3]   That is not enough to allege a plausible claim for damages.   In fact, Plaintiff's request for damages is similar to those he musters in other complaints and which other courts have determined did not allege a plausible claim that he suffered damages in the claimed amounts.   *See Sifuentes v. Capital One*, No. 23-4088, 2023 WL 6060382, at *4 (10th Cir. Sept. 18, 2023).

---

[3] Plaintiff provides no authority, even in his objections, for his claim that he is entitled to punitive damages, which are generally unavailable under Michigan law.   *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 400 (2006) (Punitive damages are generally not recoverable in Michigan unless expressly authorized by statute.).   Even if they could somehow be available to Plaintiff, "such damages must bear some relationship to his actual damages." *See Mosley*, 2019 WL 2539349, at *2 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.")).   There is nothing here to tether a claim for punitive damages to any actual damages.

In sum, the request for compensatory and punitive damages is excessive in comparison to the scant facts alleged in support of the claim and the Court agrees with the Magistrate Judge that this evidences a lack of good faith. *See Mosley*, 2019 WL 2539349, at *2 (no subject matter jurisdiction where plaintiff failed to identify any actual damages arising from data breach). The Magistrate Judge recommends the Court deny the pending *ifp* motion and order plaintiff to pay the full filing fee in order to proceed. However, even if Plaintiff were to pay the filing fee, the action would be subject to dismissal for the reasons set out above. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Doe v. Oberlin College*, 60 F.4th 345 (6th Cir. 2023). Because the Court has determined subject matter jurisdiction is lacking, the Court will dismiss the matter for lack of subject matter jurisdiction and dismiss the other pending motions under Section 1915(e)(2) and this Court's previous screening order. *See Sifuentes v. Cellco Partnership*, No. 1:24-cv-820 ECF No. 14 (W.D. Mich. Aug. 23, 2024) (dismissing action for lack of subject matter jurisdiction).

## OBJECTIONS

Nothing in Plaintiff's Objections changes things. In the main, he musters several structural complaints to how this lawsuit, and others he has filed in this district, have been handled by this court, as well as by courts in the Eastern District of Michigan and the Sixth Circuit Court of Appeals. But as has now been repeatedly pointed out to him, Plaintiff is factually and legally wrong about all of it.

To begin, Plaintiff objects to his filing restriction. He believes that the filing restriction should be lifted and that the Report and Recommendation that is based on the restriction should therefore be rejected. The Court disagrees. As set out in previous orders, the Court imposed a pre-screening filing restriction after Plaintiff filed several meritless lawsuits and engaged in

8

vexatious litigation tactics. The Sixth Circuit Court of Appeals found that the Court did not abuse its discretion by imposing the restriction, and the current record only reinforces the necessity of those restrictions, as this Court recently observed. *See* Order, *Sifuentes v. Twitter*, No. 1:23-cv-981 ECF No. 28 (W.D. Mich. Jan. 21, 2025).

Plaintiff also objects to the screening statute. Again, Plaintiff offers nothing new to the arguments that were previously raised, and rejected, before he filed his objections. *See, e.g.*, *Sifuentes v. AT&T*, No. 1:24-cv-519 (W.D. Mich. July 17, 2024) (ECF No. 13, PageID.65-67). There was no error in these decisions. Indeed, an identical argument was recently denied in another case filed in the Eastern District of Michigan. *See Sifuentes v. Midland County 42nd Circuit Court*, No. 1:20-cv-11745 (E.D. Mich. Nov. 25, 2024) (Drain, J.) (ECF No. 53, PageID.263-265). Plaintiff's argument here fails for the same reasons fully explained in that decision. The Court need not repeat things. The screening statute does not create an equal protection violation for those proceeding *in forma pauperis*, and the statute does not deny such litigants access to the courts or violate their jury trial rights.

In his next structural argument, Plaintiff argues that the Magistrate Judge lacked jurisdiction to issue a Report and Recommendation in this matter. Under Plaintiff's read of things, he has declined to consent to the Magistrate Judge and—absent his consent—the Magistrate Judge could not perform any action at all. That is simply incorrect. *See Sifuentes v. Pluto TV*, No. 1:23-cv-1013 (W.D. Mich. Jan. 21, 2025) (ECF No. 26, PageID.129) ("As the Court has now repeatedly explained to Plaintiff, consent is only required when a magistrate judge conducts all proceedings in a case, including determining dispositive motions and entering judgment."). Under Section 636(b) of the Federal Magistrates Act, an Article III judge may designate a

magistrate judge to conduct hearings and to submit "proposed findings of fact and recommendation for the disposition" of certain dispositive matters—such as a recommendation that the Court dismiss a case. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff vehemently believes that the parties' consent is required before the Court may so designate, but that is not what the statute says. *See Sifuentes v. Laser Access LLC*, No. 1:23-CV-144, 2024 WL 4721694, at *2 (W.D. Mich. Oct. 22, 2024) (Beckering, J.) (rejecting identical contentions).[4]

Plaintiff proceeds to claim that even if magistrate judges in general can issue reports and recommendations without consent, the Magistrate Judge in this case could not because the Magistrate Judge—along with all the judges in this district, the Eastern District of Michigan and those in the Sixth Circuit Court of Appeals—are biased against him. In a "turtles all the way down" type of argument, Plaintiff reasons this is so because, he says, the decisions in his cases are based on the result of other cases that were erroneously dismissed and not on the allegations in each specific complaint. Not so. To the contrary, the Magistrate Judge expressly dealt with the allegations in this specific Complaint and correctly applied the law to the facts as alleged. The undersigned has also done so here. That the Magistrate Judge, other judges, or the undersigned, sometimes refer to other cases in the course of decision making—for example referencing

---

[4] In other filings, Plaintiff has pointed to practices from district courts in California that apparently provide a consent form when a pro se complaint is filed. This Court has a similar form that is readily available on this District's website: *See* NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE *available at* United States District Court Western District of Michigan, *Civil Forms*, https://www.miwd.uscourts.gov/civil-forms. That some courts mail a form, and others provide a form on their website does not mean there is a statutory or constitutional violation. And, to be sure, there is no statutory or constitutional requirement for the parties' consent before a matter is referred to the magistrate judge for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

Plaintiff's filing restriction or citing to other instances in which an argument made by Plaintiff had been denied—does not demonstrate any bias. And Plaintiff's mere displeasure with earlier rulings is no basis for judicial disqualification either. *See Liteky v. United States,* 510 U.S. 540, 547-48 (1994).

Next, Plaintiff quibbles with the standard of review that has been applied to this lawsuit. He believes that the Court will not perform a de novo review of the Magistrate Judge's Report and Recommendation, and that both the Magistrate Judge and the undersigned have failed to recognize his pro se status. Contrary to Plaintiff's belief, the Court has performed a de novo review based on Plaintiff's objections. That the undersigned agrees with the Magistrate Judge does not mean that the Court did not perform a de novo review. Plaintiff would also apparently have the Court disregard the Magistrate Judge's Report and Recommendation entirely, but that is not what de novo review means as the authority discussed above makes clear. *See also Mathews v. Weber,* 423 U.S. 261, 268 (1976) (noting that in enacting Section 636(b), Congress hoped to "establish a system capable of increasing the overall efficiency of the Federal judiciary[.]"). Plaintiff is correct that as a pro se litigant, the Court should apply a liberal construction of the pleadings. The problem for Plaintiff is that even under this liberal construction, his Complaint still fails to contain sufficient factual matter to state a claim for relief that is plausible on its face.

Accordingly, Plaintiff's structural arguments are all patently without merit. That leaves Plaintiff with a conclusory assertion that he has done enough to establish subject matter jurisdiction and state a plausible claim for relief consistent with *Twombly* and *Iqbal*. He offers nothing more than his say so here. Accordingly, it does nothing to disturb the Court's analysis, set out above,

that his Complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the Opinion of the Court to the extent specified above.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed Without Prepayment and Fees (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Order to Show Cause and for Leave to Amend Compliant (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim under Section 1915(e)(2) and this Court's November 2023 filing restriction Order. *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.). The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.


Dated:    January 30, 2025            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE